The ÆTNA CASUALTY AND SURETY COMPANY, a corporation, of Hartford, Connecticut, Plaintiff,

v.

Joseph MORTILLARO, individually and as administrator C.T.A. of the Will of Casper Mortillaro, Deceased, John Mortillaro, individually and as Administrator C.T.A. of the Will of Casper Mortillaro, Deceased, Thomas A. Mortillaro, Vincenza Romeo, Anna Dinolfo, Marie F. Musso, Rose Desimini and Maria Fillipa D'Azzo Mortillaro, Defendants.

Civ. No. 18670.

United States District Court
E. D. New York.

May 20, 1958.

Walter H. Pickett, Brooklyn, N. Y., for plaintiff, for the motion.

Joseph F. Seminara, Brooklyn, N. Y., for defendant Thomas A. Mortillaro, in opposition.

RAYFIEL, District Judge.

Casper Mortillaro died on April 12, 1954, leaving him surviving a widow, Maria, residing in Italy, from whom he had been separated for a number of years, two sons, John and Thomas A., a brother Joseph, and four sisters, Vincenza Romeo, Anna Dinalfo, Marie F.

Musso and Rose Desimini, all defendants herein.

His estate consisted of United States Defense bonds in the face amount of $36,000, half of which were made payable, on his death, to each of his said sons, an account in the Williamsburgh Savings Bank in the sum of $9,382.24 and another bank account in the sum of $204.70.

He left a will under the terms of which the proceeds of the account in the Williamsburgh Savings Bank went to his brother, Joseph, $2,000 in bonds to each of his sons, and the balance was to be divided "between my children, my brother Joseph, and my four sisters." The will named no executor.

Shortly after the death of the decedent, but before the will had been admitted to probate, the distributees named in the will entered into an agreement for the division among them of the proceeds of the estate. Under the terms of said agreement each of the decedent's sons was to receive a sum equal to one-quarter of the estate remaining after the payment of funeral and administration expenses, legal fees and disbursements. The amount received by each of the sons was $9,170.

On or about November 29, 1954 the will was duly admitted to probate, and Joseph Mortillaro and John Mortillaro, respectively the brother and son of the decedent, were appointed administrators C.T.A., and duly qualified as such. The plaintiff herein furnished its bond, conditioned for the faithful performance of the duties of said administrators.

In or about January, 1955 the said U. S. Defense bonds were surrendered for their then redemption value, which was turned over to the administrators, and some months thereafter the proceeds of the estate were divided pursuant to the terms of the aforementioned agreement.

The defendant Thomas A. Mortillaro, who had arrived in the United States about a year before his father's death and was unfamiliar with the English language, claiming that Joseph, his uncle, had failed to inform him as to the true nature and extent of his father's estate and his interest therein, filed a petition in the Surrogate's Court of Kings County to compel an accounting by the said administrator. A motion by the administrator to dismiss said petition was denied by Honorable Maximilian Moss, Surrogate, who ordered that a hearing be held of the issues raised by the petition and answering affidavits, and appointed a Referee to hear and report thereon. Shortly before the date set for the hearing the plaintiff herein filed its notice of appearance in said proceeding and moved to dismiss the said petition for an accounting. That motion was denied, and an opportunity was afforded the plaintiff to participate in the proceedings under said petition. Upon appeal the order of the Surrogate was affirmed by the Appellate Division, and leave to appeal to the Court of Appeals was denied.

The plaintiff has brought this action under Section 2201 of Title 28, United States Code for a judgment declaring, *inter alia,* that the agreement hereinabove referred to, entered into between the defendants in this action, is a valid agreement for the settlement of the estate of the above-named decedent, and asks for an injunction enjoining and restraining the said Thomas A. Mortillaro from prosecuting his proceeding to compel an accounting by the said Joseph Mortillaro until the determination of this action.

The issues sought to be resolved here, including, but not limited to, the question of the validity of the aforementioned settlement agreement, lie within the jurisdiction of the Surrogate's Court, and can be determined in the proceeding now pending in that Court. The plaintiff has been invited to participate in that proceeding and, in fact, has appeared therein. The instant action, if it lies at all, has been prematurely brought, inasmuch as the hearing on the petition for an accounting, ordered by the Surrogate of Kings County, has not yet been held,

and the report of the Referee therein, when made, must await consideration by the Surrogate.

Further, there appears to be no threat or danger of immediate or irreparable injury to the plaintiff if it is denied injunctive relief.

Accordingly, the motion for a preliminary injunction is denied.